Shane PROFFITT, Plaintiff—
Appellant,

v.

COUNTY OF SANTA BARBARA; Santa Barbara County, Sheriffs Department; Conn Abel, Sergeant # 357, as a peace officer; Conn Abel, individually, Defendants—Appellees.

No. 03–55519.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 22, 2004.

Thomas E. Beck, Esq., Thomas E. Beck & Associates, Los Angeles, CA, for Plaintiff–Appellant.

Michael D. Allen, Esq., Franscell, Strickland, Roberts & Lawrence, Glendale, CA, for Defendants–Appellees.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: BROWNING, PREGERSON, and BERZON, Circuit Judges.

MEMORANDUM **

Shane Proffitt, a probationary Long Beach, California patrol officer, appeals the district court's summary judgment dismissing his 42 U.S.C. § 1983 action against the County of Santa Barbara and Santa Barbara County Deputy Sheriff Sergeant Conn Abel. Proffitt's suit alleges that Abel and his subordinate, Deputy Chris Dallenbach, violated Proffitt's First, Fourth, and Fourteenth Amendment rights on the grounds of false arrest, excessive force, and conspiracy.[1] Proffitt's claims arise from a December 2, 2001 encounter between Proffitt and officers Abel and Dallenbach, which culminated in Abel issuing Proffitt a citation for possession of an open container of alcohol in violation of Santa Barbara County Ordinance § 36–3. Proffitt contends that Abel's actions led to his termination from the Long Beach Police Department ("LBPD") and the loss of his law enforcement career.[2] We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[3]

## A. Proffitt's Termination–Related Claims

The crux of Proffitt's complaint is that Abel falsified his account of Proffitt's conduct on the night he issued Proffitt the open container citation. According to Proffitt, Abel's misrepresentations caused Proffitt to lose his position with the LBPD.[4]

To prevail on his § 1983 action, Proffitt must demonstrate that Abel's conduct both factually and proximately caused his termination. See Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir.1981) ("The causation requirement of sections 1983 and 1985 is not satisfied by a showing of mere causation in fact. Rather, the plaintiff must establish proximate or legal causation." (citation omitted)). It is on this point that Proffitt's termination-related claims fail. The LBPD did not terminate Proffitt on the sole basis of Abel's allegations, but only after conducting an internal investigation that included interviewing Proffitt, officers Abel and Dallenbach, and Proffitt's three friends who claimed to witness the events in question. LBPD's investigator concluded that Abel and Dallenbach gave the most credible and accurate account of what occurred during the December 2 stop. This account fully substantiated not only the open container violation but also the internal affairs charges. In contrast, Proffitt's witnesses were not close enough to hear the verbal exchanges between Proffitt and the officers, did not actually hear the alleged exchange, and/or were not percipient to the relevant parts of the detention. Based on this independent investigation, the LBPD determined that the officers' account of the events was true and

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Proffitt's Complaint also alleged a second cause of action for unlawful custom and practice against Santa Barbara County. However, he subsequently abandoned that claim and it is not before this court.

2. Proffitt's suit does not name Deputy Dallenbach as a defendant.

3. The facts of this case are well known to the parties and are repeated only as necessary to clarify our discussion.

4. Even if Proffitt is correct that Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), does not bar his § 1983 cause of action, his claims fail for the reasons discussed above. We therefore do not decide whether Heck bars Proffitt's claims.

terminated Proffitt's employment. Nothing in the record suggests that Abel had any control over the investigation or played any role in the LBPD's decision to terminate Proffitt's employment other than reporting his wrongdoing.

### B. Proffitt's Excessive Force Claim

■ In addition to his termination-related claims, Proffitt also alleges that Abel used excessive force when apprehending him for the container violation.[5] Abel has conceded that he used force in restraining Proffitt by grabbing Proffitt's shirt and twisting it to get a better grasp and thereby prevent Proffitt from getting away. According to Abel, such action was necessary because Proffitt was resisting Dallenbach's attempts to apprehend him for violating Santa Barbara County's open container ordinance. Proffitt, however, claims he was not resisting Dallenbach, but "reacting" to what he perceived to be a mugging by an unknown assailant. Nevertheless, from Abel's point-of-view, whether Proffitt was struggling because he believed he was being mugged or because he wished to evade citation, Proffitt's actions would have appeared the same. Because it is reasonable for a police officer seeing a suspect struggle against the hold of another police officer to conclude that the suspect was trying to get away, Abel's actions were reasonable.[6] *See Forrester v. City of San Diego*, 25 F.3d 804, 807–08 (9th Cir.1994) ("[T]he inquiry is whether the force that was used to effect a particular seizure was reasonable, viewing the facts from the perspective of a reasonable officer on the scene.").

Accordingly, the district court's order granting summary judgment to defendants is AFFIRMED.

6. Because we find that no constitutional violation occurred, we need not inquire as to whether Abel is protected by qualified immunity. *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001) ("If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity.").